UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH A. TRENTON,

     **Plaintiff,**

vs.                             **No. 18 CV 00664 JAP/LF**

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
HEALTHCARE COLLECTIONS, LLC
DELIVERY FINANCIAL SERVICES,
A 1 COLLECTIONS, LLC, and
CREDIT COLLECTION SERVICES,
     **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS
WITH LEAVE TO AMEND**

Defendant Trans Union, LLC (Trans Union) asks the Court to dismiss the ORIGINAL

COMPLAINT (Doc. No. 1) (Complaint) filed by Plaintiff Joseph A. Trenton (Plaintiff) pro se.[1]

Trans Union contends that Plaintiff failed to allege specific facts that establish Trans Union

violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA). On June 19, 2019,

Plaintiff responded to the Motion and included additional facts and statutory references.[2]

Because the Court construes pro se filings liberally, the Court concludes that the allegations in

the Complaint, as supplemented by the Response, sufficiently state a claim against Trans Union

for violation of the FCRA. However, the Response has highlighted the need for Plaintiff to file

an Amended Complaint. Hence, the Court will grant the Motion in part without prejudice

---

[1] *See* DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12(b)(6) (Doc. No. 30) (Motion).
[2] *See* RESPONSE TO DEFENDANTS (sic) TRANSUNION'S UNSUPPORTED MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) (Doc. No. 42) (Response).

1

allowing Plaintiff leave to amend the Complaint.[3] However, the Court will dismiss Plaintiff's

claim for injunctive relief with prejudice because the FCRA does not provide a private cause of

action for injunctive relief.

I.      LEGAL STANDARD

        A.      Motions to Dismiss

        Under Rule 12(b)(6) a court may dismiss a claim "for failure to state a claim upon which

relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A court's function on a Rule 12(b)(6) motion is

to assess whether the plaintiff's complaint "is legally sufficient to state a claim for which relief

may be granted." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135

(10th Cir. 2014) (citation omitted).  In evaluating a Rule 12(b)(6) motion, the court must "accept

as true all well-pleaded facts, as distinguished from conclusory allegations, and view the facts in

the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d

1302, 1304 (10th Cir. 1998). However, the court is not required to accept legal conclusions

without factual support. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009). To summarize, a complaint must contain sufficient factual allegations

"to raise a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true...." *Twombly*, 550 U.S. at 555.

---

[3] In DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS (Doc.
30) (Doc. No. 43) (Reply), Trans Union correctly argues that a plaintiff's complaint cannot be amended through a
response to a motion to dismiss. (Reply at 1–2) (citing cases). The Court is not allowing such an amendment here.
Instead, the Court is granting the Motion in part without prejudice, and the Court is granting Plaintiff's request to
amend his Complaint to supplement his allegations and statutory references. *See MVT Servs., LLC v. Cardenal
Express, S.A. DE C.V., et al.*, No. 14 CV 282 MV/GBW, 2015 WL 13050027, at *2 (D. N.M. June 29, 2015)
(unpublished) (stating that a response to a motion to dismiss cannot amend a complaint but granting request to
amend complaint).

B.      Construction of Pro se Complaints

Courts generally construe a pro se litigant's pleadings liberally, and courts hold pro se litigants to a less stringent standard than lawyers. *Campbell v. Jenkins*, 07-2126-JAR-JPO, 2007 WL 3245395, at *1 (D. Kan. Oct. 29, 2007) (unpublished) (construing various pro se filings as a motion to alter or amend judgment under Rule 59) (citing *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (quoting *Hall supra*). The Court is mindful that it must not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (quoting *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

C.      Fair Credit Reporting Act

Congress enacted the FCRA to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" 15 U.S.C.A. § 1681. The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681a (f). Trans Union is considered a consumer reporting agency under this definition. *Id.*  Under the

FCRA, if a consumer reporting agency is notified "that information regarding a consumer

[which] was furnished to the agency is disputed by the consumer, the agency must indicate that

fact in each consumer report that includes the disputed information." 15 U.S.C. § 1681c; 15

U.S.C. § 1681s-2(a)(3). Whenever a consumer reporting agency prepares a consumer report it

must follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates. 15 U.S.C.A. § 1681e. To state a claim

against a consumer reporting agency, the plaintiff must allege that (1) inaccurate information was

included in his credit report; (2) the inaccuracy was due to the consumer reporting agency's

failure to follow reasonable procedures to assure maximum possible accuracy; (3) the plaintiff

suffered an injury; and (4) the injury was caused by the inclusion of the inaccurate information.

*Eller v. Trans Union, LLC*, 739 F.3d 467, 472–73 (10th Cir. 2013).

Section 1681o(a) allows a consumer to sue for actual damages for a negligent violation of

the FCRA. *See id.* at § 1681o(a). Under § 1681n(a), however, if the violation is willful, the

consumer may recover statutory and punitive damages. *See id.* A "willful" violation of the

FCRA is either an intentional violation or a violation committed by an agency in reckless

disregard of its duties under the FCRA. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 57–58

(2007). A claimant may establish recklessness by proving that the consumer reporting agency

engaged in action that involved "an unjustifiably high risk of harm that is either known or so

obvious that it should be known." *Id.* at 68. *See generally, Birmingham v. Experian Info. Sols.,*

*Inc.,* 633 F.3d 1006, 1009 (10th Cir. 2011).[4]

II.     BACKGROUND

Plaintiff alleges that the information reported on Plaintiff's credit reports provided by

Defendants Experian Information Solutions, Inc. (Experian), Equifax Information Services, LLC

(Equifax), and Trans Union (together, Defendants) is "the foremost reason that Mr. Trenton was

denied credit, vehicles, etc." Plaintiff claims that he entered into a settlement agreement with the

"three major bureaus" to correct his report. However, "[t]hese errors have returned." (Compl. ¶ 1

at p. 6.) Plaintiff also alleges he was the "victim of the Equifax breach that compromised

numerous individuals, since then Plaintiff has been seeing unknown attempts to get credit in his

name. Plaintiff has informed the credit bureaus that this is occurring but there is [sic] only minor

repairs made." (*Id.* ¶ 2 at p. 6.) Plaintiff alleges that he "has reported these gross errors to

Defendants Experian, Transunion [sic], and Equifax. Only Equifax has listened and deleted one

of the false accounts however, they are still reporting one last false account. These Defendants

are refusing to remove this information which is causing Plaintiff to be denied housing nor can

he purchase a home. Plaintiff is not even able to buy a car." (*Id.* ¶ 4 at p. 6.) Plaintiff claims that

Defendants are "to the date of filing this action, reporting false information as well as inquiries

on Plaintiffs [sic] account." (*Id.* ¶ 6 at p. 7.) Finally, Plaintiff asserts that "the major credit

---

[4] A consumer may also sue the furnisher of information, such as a collection agency, that provides information to a consumer reporting agency. *See* 15 U.S.C. § 1681s–2(b); *Fishback v. HSBC Retail Servs. Inc.,* 944 F. Supp. 2d 1098, 1107 (D. N.M.  2013). "When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. Section 1681–2(b)." *Id.* at 1108. To state a claim against a furnisher of credit information, a plaintiff must allege that he informed the consumer reporting agency that he disputed information on his credit report. After the consumer reporting agency informs the furnisher of the dispute or inaccuracy, it is the furnisher's duty to investigate and report the results of the investigation to the consumer reporting agency. *Id.* at 1107. The furnisher must modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable. *Id.* at 1108 (citing 15 U.S.C. § 1681s–2(b)(1)(E)). A consumer can bring a cause of action under 15 U.S.C. §§ 1681n and 1681o based upon a furnishers' willful or negligent failure to perform these duties after a consumer reporting agency notifies the furnisher of a consumer dispute. *Id.*

bureaus are falsely reporting that the accounts meet FCRA requirements, even though there has been no evidence to support that the accounts belong to Plaintiff." (*Id.* ¶ 8 at p. 7.) Plaintiff seeks "a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by **but not limited to** 15 U.S.C. Section 1681N[.]" (*Id.* at pp. 7–8) (emphasis in original).

## III.    DISCUSSION

Trans Union argues that Plaintiff's Complaint is an impermissible "shotgun pleading." (Mot. at 4.) Trans Union asserts that the Complaint contains only vague allegations related to inaccurate credit reports that make it "virtually impossible to determine what acts or omissions" Trans Union committed in violation of the FCRA (*Id.*) The Court disagrees. Plaintiff alleges facts that, construed liberally, fit within the elements necessary for an FCRA claim against Trans Union for inaccurate credit reporting. Plaintiff alleges that after agreeing to correct errors on his credit report in a settlement, Trans Union and other Defendants have continued to report erroneous information on Plaintiff's credit reports. This erroneous information has caused Plaintiff to be unable to receive credit for the purchase of a house and a vehicle. *See Eller supra* (listing elements required to state a cause of action against consumer reporting agency under the FCRA).

Next, Trans Union asserts that Plaintiff has only cited sections of the FCRA that do not apply to Trans Union. Trans Union correctly contends that the particular sections cited in the Complaint apply to data furnishers and not to consumer reporting agencies. (Mot. at 5.) For

6

example, Plaintiff specifically cites one section of the FCRA: "15 U.S.C. § 1681S-2."[5] That

section is entitled "Responsibilities of furnishers of information to consumer reporting agencies"

and prohibits furnishers of credit information from providing inaccurate credit information to

consumer reporting agencies, such as Trans Union. Trans Union argues that Plaintiff's failure to

cite FCRA provisions applicable to consumer reporting agencies means, "Plaintiff's claim fails

as a matter of law and his Complaint should be dismissed." (Mot. at 6.)

In his First Claim for Relief, Plaintiff alleges Trans Union and the other consumer

reporting agencies have violated the FCRA, "15 U.S.C. § 1681 et seq. … and any other laws

governing the illegal reporting and collecting of money[.]" (*Id.* at pp. 5–6.) And, Plaintiff has

alleged sufficient facts that inform Trans Union that Plaintiff accuses Trans Union of reporting

inaccurate information on Plaintiff's credit reports that has led to the denial of credit.

In the Response, however, Plaintiff provides additional facts and statutory references that

clarify Plaintiff's claim against Trans Union. For example, Plaintiff alleges that after a collection

agency requested that Trans Union remove an erroneous account from Plaintiff's credit report,

Trans Union "is still reporting this false information on their credit reports to anyone Plaintiff

tries to use for credit." (Resp. at 2 ¶ 5.) In addition, Plaintiff specifies that "it has come to the

plaintiff's attention that one of the false debts was still being reported by defendants Transunion

[sic] and Equifax even after Defendant Healthcare Collections LTD requested the false debt be

removed from Plaintiff's account." (Resp. at 4.) Plaintiff quotes a relevant section of the FCRA

applicable to Trans Union:

---

[5] That section provides:

   A person shall not furnish any information relating to a consumer to any consumer reporting
   agency if the person knows or has reasonable cause to believe that the information is inaccurate.

15 U.S.C.A. § 1681s-2.

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C.A. § 1681e(b). (Resp. at 5.)  In the Response, Plaintiff elaborates that

> Transunion [sic] has reported false information which resulted in the denial of credit to plaintiff or has made the purchase of a vehicle impossible due to the high interest rate and high down payment requirement. Such action prevented plaintiff from securing a lucrative business arrangement costing him well over $350,000.00 to date. Defendant has not corrected the information even after they were given ample opportunities to do so. Defendants Transunion [sic] and Equifax have been reporting Healthcare Collections LLC; a false debt, as recent as June 3, 2019 (EXHIBIT 6), however, in the recent motion to dismiss from Defendant Healthcare Collections LLC on page 2 and 3 the defendants [sic] Healthcare collections [sic] LLC states under oath that the false information was requested to be deleted and "A-1 has not reported the Debt through the consumer reporting agencies (Experian, TransUnion or Equifax) for more than three years."

(*Id.* at 5–6.)[6]  Finally, Plaintiff cites a case instructing courts to dismiss pro se complaints without prejudice so that a pro se plaintiff "can then submit an adequate complaint." (Resp. at 3) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). Plaintiff further states that he "will need to amend the complaint to seek no less than $350,000.00 for actual damages and $1,000,000.00 in Punitive damages in light of recent facts." (*Id.* at 7.) The Court construes this statement as a request to amend the Complaint.

Recognizing its duty to liberally construe filings from pro se litigants, the Court will allow Plaintiff to submit an amended complaint that compiles all relevant facts in one pleading. The allegations should inform each Defendant what actions it engaged in that Plaintiff claims violated the FCRA or other relevant statutes and when those actions occurred.

Finally, Trans Union contends that Plaintiff's claim for injunctive relief must be dismissed because courts have held that under the FCRA only the Federal Trade Commission is

---

[6] Plaintiff has voluntarily dismissed Healthcare Collections Ltd, Limited Liability Company dba A-1 Collections from this lawsuit. *See* NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT A-1 COLLECTIONS LLC WITHOUT PREJUDICE (Doc. No. 38).

authorized to seek injunctive relief. *See* 15 U.S.C. § 1681s; *Stich v. BAC Home Loans Servicing,*

*LP*, No. 10-cv-1106-CMA-MEH, 2011 WL 1135456, at * 10 (D. Colo. Mar. 28, 2011)

(unpublished) (dismissing individual's claim for injunctive relief because "only the Federal

Trade Commission can seek injunctive relief…. Individual customers are limited to the remedies

provided under the FCRA, *i.e.* damages and attorney fees."). Most courts have interpreted the

provision giving the FTC the power to enforce the FCRA as an exclusive grant of authority. *See,*

*e.g.*, *Washington v. CSC Credit Servs, Inc.*, 199 F.3d 263, 268 (5th Cir. 2000), *cert. denied*, 530

U.S. 1261 (2000) (recognizing that some early decisions allowed individuals to obtain injunctive

relief but concluding that "Congress vested the power to obtain injunctive relief solely with the

FTC."). Although "[d]istrict courts have divided on this issue," recent decisions have tended to

follow *Washington. See, e.g., Ilodianya v. Capital One Bank USA NA*, 853 F. Supp. 2d 772, 775

(E.D. Ark. 2012); *and Hogan v. PMI Mortgage Ins. Co.*, C 05-3851 PJH, 2006 WL 1310461, at

*10 (N.D. Cal. May 12, 2006) (unpublished) (stating, "… the fact that Congress specifically

enumerated the types of remedies available to consumers (in § 1681n and § 1681o), and did not

include injunctive or declaratory relief, and the fact that Congress expressly authorized such

relief on behalf of federal and state agencies, suggests that Congress intended to limit such

equitable relief to those instances in which it expressly authorized it.").

Although the Tenth Circuit has not specifically ruled on this issue, several district courts

in the Tenth Circuit have agreed with the reasoning in *Washington. See, e.g., Jarrett v. Bank of*

*Am.,* 421 F.Supp.2d 1350, 1353–55 (D. Kan. 2006) (finding that the FCRA preempted a claim

for injunctive relief); *Dewild v. TransUnion LLC*, 2:13-CV-00175-DN, 2013 WL 4052629, at *3

(D. Utah Aug. 12, 2013) (unpublished) (finding that injunctions are not available to consumers

under the FCRA); *Fishback v. HSBC Retail Servs., Inc.*, No. 12 CV 0533 JB, 2013 WL 3227458,

at \*21 (D. N.M. June 21, 2013) (unpublished) (stating, "Congress granted the power to obtain

injunctive relief under the FCRA solely to the FTC…" but allowing claim for injunctive relief

brought under the New Mexico Unfair Practices Act); *Stich v. BAC Home Loans Servicing, LP*,

2011 WL 1135456, at \*10 (D. Colo. Mar. 28, 2011) (dismissing FCRA claim for injunctive

relief); *and Birmingham v. Equifax, Inc.,* No 2:06–cv–00702 BSJ, 2009 WL 194985, at \*1 (D.

Utah Jan. 26, 2009) (unpublished) (dismissing claim for injunctive relief "because injunctions

are not available to consumers under the FCRA."), *aff'd sub nom. Birmingham v. Experian Info.

Sols., Inc.*, 633 F.3d 1006 (10th Cir. 2011). Hence, the Court will dismiss Plaintiff's claim for

injunctive relief with prejudice.

Courts are encouraged to allow amendment in cases such as this. "[I]f it is at all possible

that the party against whom the dismissal is directed can correct the defect in the pleading or

state a claim for relief, the court should dismiss with leave to amend." 6 The Late Charles Alan

Wright *et al.*, *Federal Practice & Procedure,* § 1483 (3d ed.). In addition, Plaintiff "possesses

additional facts necessary for an amendment and … has … expressed a willingness to amend."

*Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir. 1994) ("where the record clearly

reflects that the non-moving party possesses additional facts necessary for an amendment and

where that party has repeatedly expressed a willingness to amend, the court should reserve to the

non-movant leave to amend upon dismissal of the action.").

Therefore, the Court will grant Plaintiff leave to amend the Complaint to add the factual

details, to clearly identify the entities that he wishes to sue, and to indicate clearly what actions

Trans Union and the other Defendants engaged in that allegedly violated the FCRA or other

statutes. *See Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (finding that dismissal was

an abuse of discretion and remanding to district court with instructions to dismiss pro se

complaint with leave to amend so that pro se plaintiff would not have to file a new action, incur

the filing fee, and submit a new application for *in forma pauperis*).

IT IS ORDERED THAT:

1.     The Motion is granted in part and Plaintiff's claim for injunctive relief is

dismissed with prejudice;

2.     The Motion is otherwise granted and the Complaint is dismissed without

prejudice, with leave to amend;

3.     By July 25, 2019, Plaintiff may file an amended complaint[7] (1) that identifies

each Defendant clearly; and (2) that, consistent with Fed. R. Civ. P. 11, clearly states all factual

allegations against each Defendant that Plaintiff claims violates the FCRA or other statutes.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] The amended complaint will supersede and replace the original Complaint. "A pleading that has been amended … supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 The Late Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed.).