UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH A. TRENTON,

    Plaintiff,

vs.                                   No. 18 CV 00664 JAP/LF

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
HEALTHCARE COLLECTIONS, LLC
DELIVERY FINANCIAL SERVICES,
A 1 COLLECTIONS, LLC, and
CREDIT COLLECTION SERVICES,
    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT HEALTHCARE COLLECTIONS-I, L.L.C.'S MOTION TO DISMISS**

Defendant Healthcare Collections-I, LLC (HCI) asks the Court to dismiss it from this case because it received service of process that was intended for named defendant "Healthcare Collections LLC." *See* DEFENDANT HEALTHCARE COLLECTIONS-I, L.L.C.'S MOTION TO DISMISS (Doc. No. 28) (Motion). To date, pro se Plaintiff Joseph Amaziah Trenton (Plaintiff) has not filed a response to the Motion. Specifically, HCI asks the Court to dismiss it as a party or acknowledge that HCI is not a party defendant in this case because HCI has no association "with any business identified as Healthcare Collections, LLC." (Mot. at 1.) Based on the record in this case and the public records related to HCI, the Court will deny the Motion without prejudice.

I.     BACKGROUND[1]

On July 10, 2018, Plaintiff pro se brought his ORIGINAL COMPLAINT (Doc. No. 1) (Complaint) alleging that Defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C.

---

[1] The facts are presumed to be true for purposes of the Motion only.

1

§§ 1681 *et seq.* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

On July 16, 2018, Magistrate Judge Laura Fashing granted Plaintiff's application to proceed *in forma pauperis*. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 4). After filing the Complaint, Plaintiff was able to effect service of process on Defendants Experian Information Solutions, LLC and Equifax Information Services, LLC. On March 20, 2019, Magistrate Judge Fashing ordered Plaintiff to provide physical addresses for the Defendants who had not been served. *See* ORDER TO PROVIDE PHYSICAL ADDRESSES (Doc. No. 13). On April 11, 2019, Magistrate Judge Fashing ordered the United States Marshal's Service to personally serve the Defendants at those addresses. *See* ORDER TO SERVE (Doc. No. 15) (citing 28 U.S.C. § 1915(d)). In relevant part, the Order to Serve stated that service is to be made on "Healthcare Collections LLC" at "2432 W. Peoria Ave. Phoenix, AZ 85029." (*Id.* at 2.)

On May 9, 2019, a United States Marshal filed a PROCESS RECEIPT AND RETURN (Doc. No. 23) (Process Return) indicating that a United States Marshal served Mr. Mac Johnson, Compliance Officer for "Healthcare Collections" at 2224 W. Northern Avenue, Phoenix, AZ.

On May 15, 2019, Plaintiff filed a NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT A-1 COLLECTIONS, LLC WITHOUT PREJUDICE (Doc. No. 38) (Notice). In the Notice, Plaintiff voluntarily dismissed this action "against HEALTHCARE COLLECTIONS LTD, *Limited Liability Company, dba A-1 Collection Agency, LLC*." (*Id.*)[2]

---

[2] In Magistrate Judge Fashing's Order to Serve, the United States Marshall's Service was ordered to serve A-1 Collections, LLC at 715 Horizon Dr. #401, Grand Junction, CO 81506. On May 7, 2019, the United States Marshall's Service filed a Process Receipt and Return indicating that the Collections Manager for "A-1 Collection LLC" had been properly served with the summons and a copy of the Complaint. PROCESS RECEIPT AND RETURN (Doc. No. 16).

In the Motion, HCI contends that "[a] United States Marshal delivered a copy of a summons from this matter to HCI at its principal place of business in Peoria, Arizona."[3] (Mot. at 1.) The address indicated on the Process Receipt (2224 W. Northern Ave.) for HCI is also listed on the Arizona Corporation Commission's website as HCI's principal place of business. *See* https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=L10633604 (last visited July 1, 2019). However, there is an inactive entity listed on the Arizona Corporation Commission's website that is named Healthcare Collections, Inc. The website lists Healthcare Collection, Inc.'s address as 2432 W. Peoria Avenue, Phoenix AZ, the same address provided for Healthcare Collections LLC on Magistrate Judge Fashing's Order to Serve. *See* https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=02348034 (last visited July 1, 2019). Mr. Paul Peach is listed as CEO, President, and a Director of Healthcare Collections, Inc. *Id.* Mr. Peach is listed as a Manager of HCI. https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=L10633604 (last visited July 1, 2019).

Although HCI correctly claims it has no association with "any business identified as Healthcare Collections, LLC[,]" it appears that HCI may have an association with Healthcare Collections, Inc. In addition to HCI and Healthcare Collections, Inc., the Arizona Corporation Commission's website lists two other entities with similar names: Healthcare Collections Ltd, Limited Liability Company, which has been dismissed, and Healthcare Collections Services, Inc. The Arizona Corporation Commission website lists no address for Healthcare Collection Services, Inc.

---

[3] Peoria, Arizona appears to be a community within the Phoenix metropolitan area. Both 2224 West Northern Avenue and 2432 West Peoria Avenue are located in Peoria, Arizona, but both addresses are within the Phoenix metropolitan area. Therefore, the address given in the Order to Serve in Phoenix, AZ was correct.

In summary, there appear to be three entities with similar names that are connected to this case: (1) HCI, which was served at its address 2224 W. Northern Avenue in Phoenix; (2) Healthcare Collections, Inc., whose address is 2432 W. Peoria Avenue in Phoenix—the address provided in the Order to Serve; and (3) Healthcare Collections Ltd, Limited Liability Company dba A-1 Collection Agency, LLC, which has been served and which Plaintiff voluntarily dismissed from this action.

II. LEGAL STANDARD

HCI's Motion states the following:

> A United States Marshal delivered a copy of a summons from this matter to HCI at its principal place of business in Peoria, Arizona. However, the named defendant on the summons and in this case is Healthcare Collections, LLC, and not HCI. HCI is not associated with any business identified as Healthcare Collections, LLC and does not have authority to accept service on behalf of Healthcare Collections, LLC. **It appears that plaintiff has either named or served the wrong party.**

(Mot. at 1) (emphasis added). HCI further states, "[a]lthough not named as a defendant, HCI submits this responsive pleading within the deadline to do so after being served with the summons and moves the Court for an order dismissing it as a party in this lawsuit." (*Id.*) However, HCI has not indicated the rule or legal authority that supports dismissal.

"Effectuation of service is a precondition to suit...." *Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the Defendant. *Potter v. Johnson*, 13-CV-00116-PAB-NYW, 2015 WL 1258653, at *3 (D. Colo. Mar. 17, 2015) (unpublished). Rule 4 provides in relevant part that a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A Marshal must be ordered to serve if the plaintiff is proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(3). Under Rule 4(h), a corporate entity may be served by delivering a copy of the summons and complaint to an officer, managing

4

agent, or general agent. Proof of service must be made to the court. Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Rule 12 governs motions to dismiss for insufficiency of service. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Ueding v. Chris*, 17-CV-01365-KLM, 2018 WL 4680343, at *3 (D. Colo. Sept. 28, 2018) (unpublished) (quoting 5B The Late Charles Alan Wright, et al., *Federal Practice & Procedure* § 1353 (3d ed.)). A motion under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision that deals specifically with the content of the summons. 5B The Late Charles Alan Wright, et al., *Federal Practice & Procedure* § 1353 (3d ed.). *See also Dixie Restaurants, Inc. v. Philips Consumer Electronics Co.*, No. 02-2461 D/A, 2005 WL 948802, at * 3 (M.D. Tenn. Feb. 18, 2005) (unpublished) (denying pretrial challenge under Rule 12(b)(4) that plaintiff served wrong defendant because there was a question of fact as to whether the company served and the defendant company were separate companies).[4] Although the Motion does not cite either rule, the Court will treat the Motion as one under Rule12(b)(4).

---

[4] In *Dixie Restaurants*, the defendant Longwell Electronics, Inc. moved to dismiss under Rule 12(b)(4) asserting that the plaintiff served the wrong defendant. It contended that the Longwell Company of Taiwan was the proper defendant, instead of Longwell Electronics, Inc. of Brea, California, whom the plaintiff served. The plaintiff asserted that the complaint named the Longwell Company a/k/a and d/b/a Longwell Electronics, Inc., therefore, the defendant was properly named and served. Although the defendant alleged that the two companies were separate, the defendant also admitted that they were related. The Court held that the relationship between the two companies presented an unresolved question of fact and denied the motion. *Dixie Restaurants, Inc.*, 2005 WL 948802, at *3.

III.     DISCUSSION

Plaintiff did not file a Response to the Motion. Under this District's Local Rules, the Court could find that Plaintiff, by failing to respond, consented to the grant of the Motion. *See* D.N.M.LR-Civ. 7.1(b). However, HCI also did not follow this Court's Local Rule requiring a movant to "determine whether a motion is opposed[.]" D.N.M.LR-Civ. 7.1(a). Under that Local Rule, "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." *Id.* Consequently, the Court will deny the Motion without prejudice. HCI's statement that it is not associated with "Healthcare Collections LLC" does not convince the Court that Plaintiff served the wrong Defendant. Plaintiff may have simply misnamed HCI, the Defendant he intended to sue. Serving a party with a complaint that misnames the party is a technical error that does not warrant dismissal. *Sawyer v. USAA Ins. Co.*, 839 F.Supp.2d 1189, 1226 n.22 (D. N.M. 2012) (stating that misnomer mistakes need not be treated as grounds for dismissal).

The facts asserted in the Motion are somewhat vague. The Motion asserts that HCI was served at its principal place of business in Peoria, Arizona, but HCI does not indicate the specific address of its principal place of business. Peoria is a community northwest of Phoenix Arizona but within the Phoenix metropolitan area. The Court assumes that HCI was served at the address indicated on the Process Return: 2224 W. Northern Avenue, Phoenix, AZ because the address listed for HCI on the Arizona Corporation Commission's website is 2224 W. Northern Avenue, Phoenix, AZ. However, HCI's address is different from the address listed in Magistrate Judge Fashing's Order to Serve. On its public website, the Arizona Corporation Commission lists both of these entities HCI at the W. Northern Avenue address and Healthcare Collections, Inc. at the W. Peoria Avenue address. Notably, Paul Peach, the former President of Healthcare Collections, Inc., is or has been a manager of HCI. The facts before the Court lead to the conclusion that

Plaintiff may have intended to sue Healthcare Collections-I, LLC but misnamed that entity in his Complaint as "Healthcare Collections LLC." If so, then HCI has been properly served and Plaintiff's misnomer would not warrant dismissal. *See Beasely v. Progressive Northwestern Ins. Co.*, No. 1402543 JAR-GLR, 2015 WL 630566, at * 5 (D. Kan. Feb. 12, 2015) (unpublished) (rejecting argument that CCS, LLC, a/k/a CCS Commercial, LLC was improperly served because service was made at its address of record but complaint misnamed defendant as CCS Commercial, LLC dba Credit Collection Services Commercial). *Cf. Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969) (explaining in context of a Rule 15(c) motion that when a plaintiff serves the correct party with original complaint, but that party is misnamed in the complaint, the plaintiff will be allowed to file an out-of-time amendment correcting the misnamed party and the amended complaint will relate back to original complaint). Nevertheless, the Court is not persuaded that Plaintiff committed a mere technical mistake because Plaintiff provided the address 2432 W. Peoria Ave. Pheonix, AZ as the address for "Healthcare Collections LLC," a nonexistent entity. And the address on Peoria Avenue is listed as the address for an inactive entity named Healthcare Collections, Inc.

In *Aranda v. Foamex Intern.*, 884 F.Supp.2d 1186 (D. N.M. 2012), United States District Judge James O. Browning dealt with a misnomer issue in the context of an untimely removal. *Id.* at 1209. The plaintiff filed in state court and named as a defendant "Foamex International doing business as FXI, Inc." *Id.* at 1189. On February 15, 2012, the plaintiff served CT Corporation, the New Mexico registered agent for FXI, Inc., a Delaware corporation doing business in New Mexico. *Id.* However, CT Corporation, sent a letter to plaintiff's counsel and to the state court stating that it was returning service because "Foamex International" was not listed in its records. *Id.* Nevertheless, CT Corporation forwarded the summons and complaint to FXI, Inc. *Id.* at 1213.

7

On March 5, 2012, the plaintiff's counsel filed a return of service explaining that although CT Corporation should not have returned service, he would mail the summons and complaint to FXI, Inc.'s New Mexico plant (where plaintiff was injured) and to FXI, Inc.'s Delaware office "to move the case forward." *Id.* On March 22, 2012, FXI, Inc.'s counsel contacted plaintiff's counsel to inform him that plaintiff had named the wrong defendant and that FXI, Inc. would accept service, if plaintiff would file an amended complaint naming the correct party. *Id.* at 1191. Plaintiff did not file an amended complaint. *Id.* On April 17, 2012, FXI, Inc. filed a notice of removal, which was more than 30 days after the February 15, 2012 service on FXI, Inc.'s registered agent. *Id.* at 1188 (citing 28 U.S.C. § 1446(b) (allowing removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"). Plaintiff filed a motion to remand arguing *inter alia* that removal was untimely. *Id.* FXI, Inc. asserted that it was not properly served because service was made to "Foamex International." *Id.* 1193. FXI, Inc. argued that its removal on April 17, 2012 was timely because, at the earliest, the clock began to run on March 22, 2012, the date FXI, Inc.'s counsel communicated with plaintiff's counsel that he would accept service for FXI, Inc. *Id.* 1193. In other words, FXI, Inc. argued that a non-existent entity (Foamex International) was named, but a different entity (FXI, Inc.) was served; therefore, plaintiff's service on February 15, 2012 was defective. *Id.* Judge Browning rejected FXI, Inc.'s argument and granted the motion to remand. *Id.* at 1214. Judge Browning reasoned that although there was a "technical defect" in the complaint and summons, FXI, Inc. was the intended defendant and was properly served. *Id.* The court stated, "even when a complaint errs in describing the relationship between corporate entities or misnames a party, service may still be proper, so long as the party who is intended to be sued is the party before the court." *Id.* at 1213.

Similarly, in this case, an apparently nonexistent entity, "Healthcare Collections LLC" was named as a defendant in the Complaint. However, HCI was served and was not specifically named as a Defendant. HCI has not clearly argued that it is not the correct defendant. Instead, HCI merely states that it has no connection with "Healthcare Collections LLC," a non-existent entity. On the other hand, it is not clear that Plaintiff intended to sue HCI; therefore, the Court cannot hold, as Judge Browning did, that HCI is properly before the Court. Finally, the Court has information that HCI and Healthcare Collections, Inc. are related entities. The Arizona Corporation Commission's website lists a common manager for HCI and Healthcare Collections, Inc. *See id.* at 1194 (noting that FXI, Inc.'s counsel admitted at a hearing that FXI, Inc. "bought Foamex International's assets and may be responsible under a theory of successor liability[.]").

*Beasely v. Progressive Northwestern Ins. Co.*, 14-2543-JAR-GLR, 2015 WL 630566, at *5 (D. Kan. Feb. 12, 2015) (unpublished) is also instructive. Progressive removed the case from state court but did not file a timely written consent from co-defendant CCS, LLC a/k/a CCS Commercial, LLC (CCS). *Id.* Under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served" must "join in or consent to the removal of the action." *Id.* (citing statute). And under 28 U.S.C. § 1446, each defendant must file a written consent within 30 days after receipt by or service on that defendant. *Id.* at *4 (citing statute). Progressive argued that CCS's consent was timely because CCS was not properly served even though service was made at its principal address. *Id.* at * 5. The court rejected Progressive's argument and held that at most the misnomer was a minor technical mistake "that should not be treated as improper service in this context." *Id.*

Here, the Court finds that HCI received service of a summons and complaint naming a Defendant "Healthcare Collections LLC" at HCI's principal place of business. Admittedly, an

9

entity named Healthcare Collections LLC at the address 2432 W. Peoria Ave., Phoenix, AZ 85029 was not served. However, other than denying affiliation with a non-existent entity named "Healthcare Collections LLC" HCI has failed to present a cogent argument that it is the wrong Defendant. Consequently, the Court will deny the Motion without prejudice. If HCI can establish that it is the wrong defendant, HCI may reassert the argument. *See Graves*, 412 F.2d at 585 (affirming dismissal of claim against defendant, General Insurance Corporation, added to case through an amended complaint, because new defendant was unrelated to the entity served with the original complaint, General Insurance Company, and the amended complaint naming the new defendant was filed after limitations period); *and Sawyer*, 839 F.Supp.2d at 1226 (noting in dicta that if the correct defendant was served but the name on the summons and complaint was incorrect, default judgment would be enforceable against the defendant). Thus, the Court cannot dismiss HCI if HCI was the entity Plaintiff intended to sue.

In its MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS, the Court has granted leave for Plaintiff pro se to file an Amended Complaint. The Court requests that Plaintiff include in the Amended Complaint the exact name of each entity that Plaintiff intends to sue. Plaintiff must also properly serve each Defendant named in the amended complaint.

IT IS ORDERED that DEFENDANT HEALTHCARE COLLECTIONS-I, L.L.C.'S MOTION TO DISMISS (Doc. No. 28) is denied without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE